**FILED**
**MARCH 27, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**08 C 1787**

**JUDGE COAR**
**MAGISTRATE JUDGE BROWN**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILLINOIS DISTRICT COUNCIL ) <br> NO. 1 OF THE INTERNATIONAL ) <br> UNION OF BRICKLAYERS AND ) <br> ALLIED CRAFTWORKERS, AFL-CIO, ) <br>   ) <br>   Plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> BRICKCRAFT, INC., ) <br>   ) <br>   Defendant. ) | Case No. <br><br> Judge:  **J. N.** |

## COMPLAINT

Plaintiff Illinois District Council No. 1 of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO (the "Union"), through its attorneys, Dowd, Bloch & Bennett, by way of complaint against Defendant Brickcraft, Inc. ("Brickcraft"), states as follows:

1. Jurisdiction and venue are proper pursuant to § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a) and (c).

2. The Union is a "labor organization" within the meaning of 29 U.S.C. § 152(5), and maintains its headquarters in Chicago, Illinois.

3. Brickcraft is an Illinois corporation, conducts business in the state of Illinois, and is and at all relevant times has been an "employer" within the meaning of 29 U.S.C. § 152(2).

4. On or about June 7, 1990, Brickcraft entered into a short form collective bargaining agreement ("CBA") with the Union.

5. The CBA has remained in effect since it was signed.

6. The CBA incorporates the substantive terms of the master collective agreements

negotiated from time to time between the Union and various employer associations (the "Association Agreement"), the most recent of which is effective June 1, 2006 through May 31, 2009.

7. The Association Agreement provides, among other things, that employers who have been delinquent for sixty or more days in any obligation under the Association Agreement must furnish a bond in an amount determined on the basis of the number of its employees, and must maintain the bond for as long is the employer is a party to the contract; that if an employer fails to furnish a bond as required, the Union may, among other things, seek immediate relief in any court of proper jurisdiction; and that if the Union is required to utilize this provision of the contract to obtain an order requiring an employer to furnish a bond, the Union will be entitled to recover from the employer all reasonable legal fees and costs.

8. Brickcraft was delinquent for a period of 60 or more days in its contributions to the fringe benefit funds, an obligation imposed on Brickcraft pursuant to the terms of the cotract.

9. The form of bond that has been approved by the Union and the contractual arbitration panel is attached as Exhibit A.

10. On information and belief, Brickcraft's bargaining unit workforce is or within the last twelve months has been of such a size as to require that its bond be in the amount of $15,000.00.

11. The Union notified Brickcraft by letter dated February 12, 2008, that it was required to furnish a bond in accord with the contract.

12. The Union's counsel notified Brickcraft by letter dated March 5, 2008 that it was required to furnish a bond in accord with the contract.

13. Brickcraft has failed to obtain and provide the bond.

14. Brickcraft's actions constitute a breach of the collective bargaining agreement and

put the Union, its members, and the fringe benefit trust funds named in the Association Agreement at risk that obligations owed by Brickcraft will not be met because the security required by the contract is not available.

WHEREFORE, the Union respectfully asks this Court to enter judgment against Brickcraft, Inc., as follows:

(1) Ordering Brickcraft, Inc., to obtain and post a surety bond in the amount of $15,000.00 and in the form provided in Exhibit A, or in the alternative to provide a payment to the Union in the amount of $15,000 to be held as a cash bond;

(2) Ordering Brickcraft, Inc., to reimburse the Union for all legal fees and costs incurred in pursuing this action;

(3) Ordering Brickcraft, Inc., to cease all work within the geographic and craft jurisdiction of the Union, regardless of the name or business form under which it performs such work, until it has provided the bond, or made the payment required, and has paid the legal fees and costs; and

(4) Granting such other relief as this Court deems just and proper.

Respectfully submitted,

　/s/Michele M. Reynolds　
Michele M. Reynolds
Attorney for
Illinois District Council No. 1 of
the International Union of Bricklayers
and Allied Craftworkers, AFL-CIO

Barry M. Bennett
Michele M. Reynolds
LaKisha M. Kinsey-Sallis
Steven W. Jados
DOWD, BLOCH & BENNETT
8 South Michigan Avenue, 19th Floor
Chicago, IL  60603
(312) 372-1361

# EMPLOYER'S BOND

**KNOW ALL PEOPLE BY THESE PRESENTS,** that we _____

_____, a _____,
(name of employer)                     (indicate corporation, partnership, or sole proprietor)

of _____, Illinois, herein called the "Principal," and
     (city)

_____, herein called the "Surety," are hereby held
(name of bonding company)

and firmly bound unto the various fringe benefit, industry, and promotion funds identified in the collective bargaining agreement between Illinois District Council No. 1 of the International Union of Bricklayers and Allied Craftworkers (the "District Council") and the various employer associations that bargain through the Northern Illinois Mason Employers Council and any successor collective bargaining agreements, all of which funds are collectively referred to as the "Funds"; unto the District Council; unto the local unions that are members of the District Council (the "Local Unions"); and unto all individuals employed by the Principal and represented for collective bargaining purposes by the District Council, referred to as the "Union Employees" (the Funds, the District Council, the Local Unions, and the Union Employees are collectively referred to as the "Obligees") in the penal sum of _____ Dollars ($_____),
                                                 (amount - written out)                                        (amount)

for the obligations and undertakings hereinafter set forth, for the payment of which, well and truly to be made, we hereby jointly and severally bind ourselves, our successors, assigns, heirs, executors, and administrators.

Signed and sealed and dated on this _____ day of _____, _____.



EXHIBIT A

**WHEREAS,** the above named Principal is employing or proposes to employ employees in a bargaining unit represented by the District Council for the purpose of performing certain work as defined in a collective bargaining agreement between the Principal and the District Council;

**NOW, THEREFORE,** the conditions of this bond are such that if the Principal shall well and faithfully pay the wages due the Union Employees with respect to the work performed by the Union Employees, the contributions due the Funds, the dues due the District Council and the Local Unions, and such other amounts as the Principal may be required to pay to the Obligees, or to any of them, pursuant to the collective bargaining agreement between the Principal and the District Council, then this obligation shall be void; otherwise the same shall remain in full force and effect.

If Surety is required to make payment to the Obligees pursuant to the bond, Surety shall have no claim or right of any sort against Obligees.

In the event that the aggregate amount due the Obligees shall exceed the amount of this bond, then the claims of the various Obligees shall be satisfied on a *pro rata* basis, proportionate to the amount of each Obligee's claim. Any disputes as to the proper distribution in such circumstances, and any disputes regarding the Principal's obligations to the Obligees, shall be resolved in accord with the dispute resolution mechanisms of the collective bargaining agreement between the Principal and the District Council.

If the Surety fails without good reason to make payment on a valid claim within 30 days of being presented with such claim and reasonable support for it, or fails without good reason to make payment within such additional time as may be found proper, Surety will be liable to for interest at the then applicable rate on all payments and if the Obligees file suit to obtain payment from Surety and prevail in such a suit, Surety shall reimburse the Obligees for all reasonable legal fees and costs. If Surety is required to pay interest or to reimburse legal fees and costs pursuant to this provision, such payment will not be treated as reducing the amount of Surety's obligation on this bond.

This Bond may be canceled by the Surety 120 days after receipt by the Obligees of the Surety's written notice of cancellation by registered mail, and the requirement for service on the Obligees shall be deemed satisfied if such service is made on the President-Chairman of the District Council.

---

Principal (indicate corporation, partnership, or sole proprietor)

ATTEST: _____

By: _____
Surety

By: _____

-2-